UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HELEN MARIE KOS, | |
| Plaintiff, | Case No. 1:17-cv-05107 |
| v. | Honorable Elaine E. Bucklo |
| COMCAST CABLE COMMUNICATIONS, LLC, | Magistrate: Honorable Maria Valdez |
| Defendant. | |

## FIRST AMENDED COMPLAINT

NOW comes HELEN MARIE KOS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COMCAST CABLE COMMUNICATIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 32 year-old natural person residing at 14547 Chicago Road, Apartment 2, Dolton, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a media company with its principal place of business located at 1701 JFK Boulevard, Philadelphia, Pennsylvania. Defendant is nationally recognized and provides services to consumers across the country, including those located in the state of Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In early 2017, Plaintiff began receiving calls to her cellular phone, (773) XXX-3770 from Defendant. *See* Attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3770. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant has used a variety of phone numbers when calling Plaintiff's cellular phone, including but not limited to: (800) 266-2278 and (267) 630-1080. *See* Exhibit A.

12. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant to make outgoing calls to consumers it is collecting upon.

13. When Plaintiff answers calls from Defendant, she experiences a brief pause, lasting approximately three to five seconds in length, before a live person begins to speak. *Id.*

14. On other answered calls from Defendant, Plaintiff experiences a recorded message before she is connected with one of Defendant's live representatives. *Id.*

15. Upon speaking with Defendant, Plaintiff discovered that it was seeking to collect upon a past due payment owed by "Brandon Short," her ex-boyfriend. *Id.*

16. Plaintiff did not sign up for Defendant's services with Brandon Short, and she is no longer with him, so Plaintiff is unaware as to why Defendant would be calling her. *Id.*

17. Plaintiff notified Defendant as such and demanded that it stop contacting her. *Id.*

18. Despite Plaintiff's demands, Defendant has continued to call her cellular phone up until June 2017, seeking to collect upon Brandon Short. *Id.*

19. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told that she is not the individual it is looking for and that she does not wish to be contacted. *Id.*

20. For instance, on March 10, 2017 and March 23, 2017, Defendant called Plaintiff's cellular phone not less than 3 times on each respective date. *Id.*

21. Plaintiff has received not less than 21 phone calls from Defendant after notifying it to stop calling her. These were phone calls placed in an attempt to collect upon a debt that did not belong to Plaintiff. *Id.*

22. Defendant's phone calls have caused Plaintiff a great deal of stress and have been very harassing to her, especially since they were intended for a different individual. *Id.*

3

23. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

24. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $73.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss. *Id.*

25. Plaintiff has been unfairly harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The brief pause and recorded message which Plaintiff experiences before she is connected with a live representative is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

30. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff does not have any business relationship with Defendant nor has she given it permission to call her cellular phone. Defendant was calling Plaintiff's cellular phone looking to collect upon her ex-boyfriend. As such, she could not have given Defendant consent to contact her. Even if Plaintiff *may* have hypothetically given Defendant consent, it was revoked by her demands that it stop calling.

31. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, HELEN MARIE KOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

35. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

36. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

37. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it had no reason or permission to do so. Defendant was attempting to contact an entirely different person, and by continuing to call Plaintiff after being apprised of this information, in addition with being told to stop calling, it engaged in unfair and deceptive behavior with the ultimate goal of securing payment from her. The fact that it was continuously calling the wrong party is illustrative of Defendant's unfair practice.

38. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day. Plaintiff received not less than 3 phone calls per day on multiple days, with calls coming in within two hours of one another. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially when Defendant is relentlessly calling for the wrong individual.

39. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

41. As pled in paragraphs 21 through 26, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices, including expending money on a monthly application subscription on her cellular phone in an attempt to block its phone calls. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant was calling Plaintiff to collect upon a different individual, as Plaintiff had no business relationship with Defendant. Plaintiff was still bombarded with collection phone calls even though she demanded that Defendant stop calling her. Defendant placed on onslaught of deceptive phone calls with the intent of securing payment, no matter if it was from the customer actually owing the debt, or an unrelated consumer such as Plaintiff. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, HELEN MARIE KOS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 8, 2017          Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |